J-A22004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAWN BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OFFICE OF CHILDREN AND YOUTH | : | No. 297 WDA 2023 |
| AND COURTNEY DINGLE | : | |

Appeal from the Order Entered February 16, 2023
In the Court of Common Pleas of Erie County Civil Division at No(s):
10317-2022

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:         **FILED: December 15, 2023**

Dawn Brown appeals from the February 16, 2023 custody order that announced the court's finding that she lacked standing to pursue physical custody of her biological granddaughter, O.O., following the child's adoption by an individual that was not a stepparent, grandparent, or great-grandparent, and dismissed with prejudice her petition to modify custody. We dismiss the appeal as moot.

In May 2019, O.O. was born out of wedlock to Courtney Dingle ("Birth Mother") and M.O., whose death preceded the child's birth. Appellant is O.O.'s biological paternal grandmother. Erie County Office of Children and Youth ("OCY") obtained emergency care of the child on January 17, 2020, and the juvenile court adjudicated her dependent approximately two weeks later. O.O. reunited with Birth Mother, briefly, during October 2020, but the juvenile

court subsequently removed her and adjudicated her dependent for the second time on December 7, 2020. O.O. has remained in the pre-adoptive kinship home with two of her three siblings since that time.

On February 2, 2022, the juvenile court granted the agency's petition to change O.O.'s permanency goal to adoption. Three weeks later, OCY filed a petition to involuntarily terminate Birth Mother's parental rights, and on June 1, 2022, Birth Mother voluntarily relinquished her parental rights to O.O.

Appellant neglected to appeal any of the juvenile court decisions. Instead, on February 8, 2022, between the dates of the juvenile court's goal change order and OCY's petition to terminate Birth Mother's parental rights, Appellant *pro se* filed a custody complaint at the above-captioned civil docket number seeking sole physical custody of O.O. The complaint named both OCY and Birth Mother as defendants. The portion of the complaint dedicated to stating why the custody order would serve O.O.'s best interest asserted, "[O.O.] was born after the death of her father. Since then[,] there had been OCY involvement. At this time[,] they are getting a goal for adoption. [O.O.] should be with her family." Complaint for Custody, 2/8/22, at 3. As it relates to standing, Appellant pled, "[w]ith my son [M.O.] being deceased[,] I feel I should have custody of [O.O.] I am her grandmother and have done a home study and everything OCY told me to do. But they will not give me my granddaughter." ***Id***.

The trial court summarized the ensuing custody proceedings as follow:

The parties were present for a custody pretrial settlement conference in front of this [c]ourt on May 3, 2022. However, due to the pending appeal by [Birth Mother] challenging the change of goal and the pending involuntary termination trial, this Court found it was in the child's best interest to hold Appellant's complaint for custody in abeyance until after the matter concluded in dependency court. This Court further reasoned, and the child's [guardian *ad litem* ("GAL")] agreed, that a custody trial at this juncture would be premature and not in the child's best interest. Shortly after, [Birth Mother] discontinued her appeal and voluntarily relinquished her parental rights.

On June 16, 2022, despite this Court's order holding Appellant's complaint for custody in abeyance, Appellant filed a custody modification petition [that largely repeated the prior best-interest allegations and added as to standing "The father of the child is deceased The Mother of the child has terminated rights." Modification Petition, 6/15/22 at 3]. A custody trial was held before [a different custody judge, who] ultimately dismissed Appellant's modification petition. Unsatisfied with the result, Appellant filed her third request [to modify] custody on October 26, 2022.[1] While that petition was pending, O.O.'s adoption was finalized on December 9, 2022[, and the child was discharged from the care and supervision of OCY.[2]]

Trial Court Opinion, 4/6/23, at 2-3.

---

[1] Appellant's third petition for modification did not assert any new facts. Appellant simply proffered the following narrative:

I have had a steady on-going relationship with [O.O.] since birth. She is my granddaughter and also a niece, cousin, etc. She deserves to be with her family that loves her. [O.O.] and I have a great relationship and I miss her as I'm sure she misses me. I feel children should always have their family.

Modification Petition, 10/26/22, at 3. Appellant failed to plead facts that would establish that she had standing pursuant to 23 Pa.C.S. §§ 5324 or 5325.

[2] Notably, Appellant did not intervene in the orphans' court's proceedings, challenge Birth Mother's voluntary relinquishment of parental rights, or appeal the adoption decree.

Thereafter, on January 30, 2023, OCY filed a motion to dismiss Appellant's custody action due to a lack of standing pursuant to 42 Pa.C.S. § 5326, which we discuss *infra*, following the adoption by an individual that was not the child's "stepparent, grandparent, or great-grandparent." The trial court granted the motion summarily, but it subsequently vacated that order and scheduled a hearing to allow Appellant to develop the record.

During the ensuing hearing, Appellant did not challenge the application of § 5326 or assert any form of standing under the Child Custody Act. Instead, she sought to assail OCY's stewardship of O.O.'s best interest in the now-closed dependency proceedings. Specifically, she challenged the agency's decision to place O.O. in the pre-adoptive kinship home rather than place her in Appellant's care. *See* N.T., 2/15/23, at 6-8. Appellant asserted, "The problem lies with [the fact that] this started before I had to file for custody because kinship wasn't honored." *Id*. at 6. She continued, "It goes to family. I'm her biological grandmother. How did she end up at [pre-adoptive kinship parent's] house would be the better question." *Id*. at 7-8.[3]

---

[3] Ignoring for the sake of argument that Appellant failed to appeal the juvenile court decisions that she sought to challenge in the custody proceedings, Appellant's position was founded upon the misapprehension that "kinship care" requires some degree of biological consanguinity. It does not. The statutory regime governing the use of family finding and kinship care defines "Kin" as "[a]n individual [21 years of age or older] with a significant, positive relationship with the child or family." 67 Pa.C.S. § 7502.

- 4 -

Following the hearing, the trial court granted OCY's motion and dismissed OCY as a named defendant in the custody proceedings, dismissed Appellant's petition for custody, and cancelled the pending custody trial. This timely appeal followed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925; however, as the trial court observed in discussing the child custody order, Appellant's Rule 1925(b) statement was laden with claims that "attempt[ed] to re-litigate what occurred in dependency court and/or other proceedings." Trial Court Opinion, 4/6/23, at 2. Appellant's misapprehension of the procedural posture of this appeal from the underlying custody order continues in the presentation of her single issue for our review: "Whether the juvenile court committed an abuse of discretion and/or error of law when it determined kinship/foster care for the child [O.O.]" Appellant's brief at unnumbered 1.

In its brief, OCY asserts, *inter alia*, that Appellant's appeal from the custody order dismissing her petition is moot because any potential custody rights that Appellant may have possessed were extinguished on December 9, 2022, when the orphans' court entered the decree finalizing O.O.'s adoption. OCY's brief at 22-21. For the following reasons, we agree.

Typically, "an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." ***In re D.A.***, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) (citation omitted). As we have explained, "[a]n issue before a court is moot if in ruling upon the issue the

court cannot enter an order that has any legal force or effect." *Id*. Nevertheless, we may reach the merits of an appeal if one of the following exceptions applies: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Id*. (citations omitted).

As it relates to the effect of a third-party adoption on a grandparent's standing to pursue custody, § 5326 of Pennsylvania's child custody statute provides as follows:

> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) to a grandparent or great-grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent shall be automatically terminated upon such adoption.

23 Pa.C.S. § 5326.

Considering the forgoing statutory provision, no case or controversy currently exists in this appeal because, as a matter of law, Appellant was divested of any potential rights to standing on December 9, 2022, when the orphans' court entered the final adoption decree. As Appellant no longer has the right to pursue any form of standing in the underlying custody proceedings, any ruling that this Court could enter addressing the merits of the custody order dismissing with prejudice Appellant's petition to modify custody will have no legal force or effect. Moreover, Appellant does not invoke

any of the above-mentioned exceptions and, frankly, none apply in this situation. Thus, this appeal is moot and subject to dismissal pursuant to the mootness doctrine.

Appeal dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/15/2023